UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDUSTRIAL TOWER AND WIRELESS, LLC,<br>         Plaintiff,<br><br>    v.<br><br>JOHN Le BRUN, STEDMAN BRIGGS, and RICHARD DESJARDINS, as they are members of the TOWN OF UPTON ZONING BOARD OF APPEALS,<br>         Defendants.<br><br>    v.<br><br>ROBERT D. HENDERSON, JR., as Trustee of Prospect Realty Trust, DALE SHADBEGIAN, MARYANN TAMAGNI, and STEVEN GREENWALD,<br>         Third-Party Intervenors. | Civil Action No. 09-10773-JLT |

ORDER

April 1, 2010

TAURO, J.

   Presently before this court is <u>Plaintiff's Motion for Re-Entry of Default Judgment Against Defendants John LeBrun, Stedman Briggs, and Richard Desjardins, as members of the Town of Upton Zoning Board of Appeals</u> [#20], which is DENIED WITHOUT PREJUDICE to refiling. It is not appropriate to enter a default judgment at this time because Plaintiff did not first move for entry of default.[1]

---

   [1]See <u>United States v. $23,000 in United States Currency</u>, 356 F.3d 157, 168 (1st Cir. 2004)("'Prior to obtaining a default judgment under [Rule 55(b)], there must be an entry of default as provided by Rule 55(a).'") (quoting 10A Wright, Miller & Kane, § 2682).

By this Motion, however, Plaintiff alerted this court to the fact that Defendants have not yet plead or otherwise defended against this action. Defendants also declined to file an opposition to this Motion. The clerk must therefore now enter Defendants' default.[2] Thereafter, this court will entertain a <u>Motion for Entry of Default Judgment</u> on the condition that it complies with the District of Massachusetts' <u>Standing Order Regarding Motions for Default Judgment</u>, attached as Exhibit A to this Order. This court will also consider an opposition by the Third Party Intervenors at that time, if re-submitted.

IT IS SO ORDERED.

   /s/ <u>Joseph L. Tauro</u>
United States District Judge

---

[2] <u>See</u> Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").